## G. S. Beyers, Defendant in Error, v. Anderson Tool Company, Plaintiff in Error.

### Gen. No. 19,495.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action by G. S. Beyers against Anderson Tool Company to recover balance of commissions alleged to be due on sales of scales claimed to have been made as defendant's agent.

Plaintiff's claim was based on a contract claimed to have been entered into with one Fertick acting for defendant, whereby plaintiff was to sell defendant's scales in Chicago and to receive therefor a commission of thirty-five per cent. of the purchase price, seventy per cent. of such commission to be paid when the sale was made and the remaining thirty per cent. to be paid when the payment for the scale was completed.

After a trial before the court without a jury, plaintiff secured a judgment for $126.

To reverse the judgment, defendant sued out a writ of error.

The principal errors alleged are that the amount of plaintiff's claim was not precisely set forth and sworn to, that the finding and judgment were against the preponderance of the evidence and that there was error in the admission of certain documentary evidence.

BRYAN, McCORMICK & WILBER, for plaintiff in error; HOWARD H. McCORMICK, of counsel.

BELL & CROSS, for defendant in error.

Beyers v. Anderson Tool Co., 191 Ill. App. 124.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficiently states amount of claim.* In an action to recover a balance of commissions claimed to be due plaintiff from defendant on scales sold on commission for defendant, where *praecipe* and statement of claim state the nature of the claim and that it is for five hundred dollars, and the affidavit of plaintiff's claim states the demand to be for money due for services and commissions as set forth in the statement of claim, there is a sufficient statement of the amount of plaintiff's claim to comply with Rules 40 and 16 of the Municipal Court, even though the statement of claim admits that the exact number of scales sold by plaintiff and the exact number that had been fully paid for could only appear by defendant's records when produced, and though the affidavit of plaintiff's claim states there is due to plaintiff from defendant a sum of money, the exact amount of which is unknown to plaintiff.

2. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to establish existence of agency in action for commissions.* In an action for a balance of commissions claimed to be due plaintiff from defendant on sales by plaintiff of defendant's scales, plaintiff's evidence showed that he was authorized by a third person to sell the scales in Chicago for defendant on a specified commission, part to be paid when each sale was made, the balance when the payment of the purchase price instalments were completed by the purchaser; that said third person represented to plaintiff that he represented defendant in Chicago; that said third person occupied a business place in which were kept defendant's scales; that said third person gave him blank forms of contract orders, prepared and printed in triplicate, to be signed by the purchaser also "for" defendants, "by" plaintiff, "salesman," one of such triplicates to be kept by the purchaser, one by plaintiff and one to be sent to defendant; that on receipt of the first of these orders, defendant sent plaintiff a check for the specified part of the commission; that on transmitting subsequent orders he received the specified part of the commission. For defendant, its secretary and vice-president swore separately that plaintiff was never employed by defendant and that at the time of sales made they were doing business as partners and controlled defendant's entire output; that the third person with whom plaintiff dealt worked for them and that plaintiff must, therefore, either have worked for them or for said third person. Defendant's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bookkeeper also testified that plaintiff was never in defendant's "direct employment, that is, * * * never had a contract." It was also agreed that the third person would have testified that he was sales agent for the partnership. To contradict evidence of defendant's secretary that his partnership had no authority to employ and had never employed a sales agent for defendant, such a contract was introduced in evidence. To contradict the evidence of defendant's vice-president and secretary as to when they became such officers, letterheads of defendant were introduced. It was *held* that the evidence was sufficient to establish plaintiff's agency for defendant.

3. WITNESSES, § 281*—*when documentary evidence admissible to impeach deposition.* Documents which show representations by a deponent contradictory to his statements in his deposition are admissible to impeach such statements.

4. TRIAL, § 245*—*when statement of court as to insufficiency of data for computation of finding not ground for reversal.* In an action to recover a balance claimed to be due on commissions on sales, a statement of the judge, at the earlier stages of the trial, that he did not have the data for the computation of a finding is not ground for reversal where it is not shown that he could not afterwards acquire the data.